**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1181-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NICOLE D. ZAMBRANO-QUILLEN,

    Defendant-Appellant.

_____

Submitted November 2, 2017 — Decided November 13, 2017

Before Judges Simonelli and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 15-04-0268.

Joseph E. Krakora, Public Defender, attorney for appellant (Paul B. Halligan, Assistant Deputy Public Defender, of counsel and on the brief).

Sean F. Dalton, Gloucester County Prosecutor, attorney for respondent (Katherine Mika, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Nicole D. Zambrano-Quillen appeals from the

November 4, 2016 Law Division order, which denied her motion to

compel entry into the Gloucester County pre-trial intervention (PTI) program pursuant to N.J.S.A. 2C:43-12(f). We affirm.

At approximately 10:42 p.m. on November 15, 2014, defendant made a left turn off State Highway 42 in Williamstown and encroached the path of the other vehicle, causing a collision. Both defendant and the driver of the other vehicle sustained injuries and were transported to the hospital for treatment. A sample of defendant's blood obtained via search warrant revealed her blood alcohol content was 0.283 percent, three times over the legal limit of 0.08 percent. N.J.S.A. 39:4-50.

A grand jury indicted defendant for fourth-degree assault by auto while in violation of N.J.S.A. 39:4-50 and bodily injury results, N.J.S.A. 2C:12-1(c)(2). Defendant was also issued summonses for driving while intoxicated (DWI), N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; failure to wear a seatbelt, N.J.S.A. 39:3-76.2; and having an open container of alcohol in her vehicle, N.J.S.A. 39:4-51b.

Defendant applied for admission to the PTI program. The Criminal Division Manager (CDM) considered all the material defendant submitted as well as the factors set forth in N.J.S.A. 2C:43-12, Rule 3:28, and the Guidelines, and denied the application. The CDM noted that under Guideline 3(i), assessment of the nature of the offense, there is a presumption against

admission into PTI if the offense charged involved violence or threat of violence in the absence of compelling facts and material provided by the defendant, justifying admission. The CDM found that defendant made the decision to operate her vehicle while under the influence of alcohol, and defendant's choice clearly created a risk of violence and injury, as evidenced by the collision and injuries she and the other driver sustained. The CDM also noted defendant had a prior DWI conviction in Bucks County, Pennsylvania, where the court sentenced her in 2005 to not less than three days and not more than six months in the county jail. The CDM concluded as follows:

> Given the violence and injury suffered during the present offense, coupled with defendant's prior motor vehicle conviction for [DWI], it is the opinion of this office that [defendant] has not presented compelling reasons justifying admission into the [PTI] program nor has she established that a decision against enrollment would be arbitrary and unreasonable.

The prosecutor issued a written decision denying the application. The prosecutor considered the factors set forth in N.J.S.A. 2C:43-12, Rule 3:28, and the Guidelines, and concurred with the CDM's reasons for rejecting defendant's application for admission into the PTI program.

Defendant appealed the prosecutor's decision to the Law Division. The court denied the appeal, finding the prosecutor did

not improperly or inappropriately consider the factors of the case, and there was no patent and gross abuse of discretion.

Defendant then pled guilty to fourth-degree assault by auto and DWI. The court sentenced defendant in accordance with the plea agreement to a one-year non-custodial term of probation. The court also imposed a seven-month driver's license suspension, ordered defendant to install an ignition interlock device during the suspension term and pay restitution, and imposed the appropriate fines, costs, and penalties.

On appeal, defendant raises the following contention:

POINT I

THE PROSECUTOR'S REJECTION OF DEFENDANT FROM PTI, WHICH WAS BASED, SUBSTANTIALLY, ON A MISAPPLICATION OF THE STATUTORY BAR OF N.J.S.A. 2C:12-12 AND [RULE] 3:28, GUIDELINE[]3(i)(3) AND A MISUNDERSTANDING OF DEFENDANT'S BURDEN IN PROVING HER ADMISSIBILITY, CONSTITUTED AN ARBITRARY, PATENT AND GROSS ABUSE OF DISCRETION.

We have considered this argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). However, we make the following comments.

A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008) (citing State v. Nwobu, 139

N.J. 236, 246-47 (1995)).  In order to overturn a prosecutor's rejection, a defendant must "clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion."  State v. Hoffman, 399 N.J. Super. 207, 213 (App. Div. 2008) (quoting State v. Watkins, 390 N.J. Super. 302, 305 (App. Div. 2007), aff'd, 193 N.J. 507 (2008)); see also State v. Negran, 178 N.J. 73, 82 (2003); State v. Brooks, 175 N.J. 215, 225 (2002).

Here, there is no evidence, let alone clear and convincing evidence, of a patent and gross abuse of discretion.  To the contrary, the record confirms that the prosecutor considered the relevant factors and did not rely on inappropriate factors.  The prosecutor did not rely solely on the nature of the offense, the injury to another, the prior DWI conviction, or defendant's BAC at the time of the accident.  Rather, the prosecutor relied on a combination of these and other factors as set forth in N.J.S.A. 2C:43-12(e).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION